UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAVID LEAKS,

    Petitioner,

v.                                  CASE NO. 8:14-cv-2149-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    Leaks applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for burglary of a dwelling, for which he is imprisoned for forty years. An earlier order (Doc. 5) determines that the application is time–barred and orders Leaks to show cause why the action should not be dismissed as untimely. After considering Leaks's response (Doc. 7) the district court ordered the respondent to address the timeliness issue. The respondent moves to dismiss the application as time–barred. (Doc. 11) Leaks has not opposed the motion.

    The Anti–Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Leaks's conviction became final on March 9, 2010,[1] and the federal limitation barred his claim one year later absent tolling for a timely post–conviction application in state court.  Leaks let 24 days elapse before he filed a state Rule 3.850 motion for post–conviction relief on April 2, 2010.  Tolling continued until September 11, 2012, when the mandate issued in 2D11-5472.  Leaks had 341 days remaining (365 − 24 = 341).  This establishes August 18, 2012, as the deadline (September 11 + 341 = August 18), however, because that day was a Saturday, the limitation extended to Monday, August 20, 2012.  Leaks commenced no proceeding in state court that garnered him additional tolling.

Three days after the deadline Leaks filed a motion to correct sentence when he delivered his motion to prison officials for mailing to the state court.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner

---

[1] Leaks's direct appeal concluded on December 9, 2009. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

constructively files a motion to vacate upon delivery of the motion to prison authorities for mailing).  The motion affords Leaks no tolling because, as shown above, the limitation had already expired.  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Although he files no opposition, Leaks's earlier papers and the motion to dismiss show a disagreement on when the Rule 3.800 motion to correct sentence was "filed."  Leaks asserts that he filed the state proceeding on April 18, 2013, a day that would afford him sufficient tolling.  The respondent admits to having received the April paper, however that paper was never docketed with the court.  Instead, in August Leaks submitted to the court a handwritten copy of the typed paper that he sent to the respondent in April.  The "mail log" for the Blackwater River Correctional Institution (Respondent's Exhibit H-3) shows that Leaks mailed the April paper to the "State Attorney" but not to the state court.  Sending a copy of the paper to opposing counsel is not a "properly filed" paper that qualifies for tolling because the paper was not "filed" with the court.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), explains the meaning of "properly filed" for tolling purposes:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

"The court and office in which it must be lodged" means that the paper must be sent to the proper court or office.  The record shows that Leaks failed to send the April paper to a court.  Leaks asserts entitlement to neither some form of equitable tolling nor a calculation of the limitation other than based on when his conviction became final.  As a consequence, the application under Section 2254 is time–barred.

Accordingly, the motion to dismiss (Doc. 11) is **GRANTED**.  The clerk must enter a judgment against Leaks and close this case.

ORDERED in Tampa, Florida, on May 12, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE